IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD MAESTAS,

    Petitioner,

vs.                                                                                                          No. 24-cv-1134-KWR-LF

NEW MEXICO PAROLE BOARD and
NEW MEXICO CORRECTIONAL DEPARTMENT,

    Respondents.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Richard Maestas' Petition Appealing Peremptory Writ of Mandamus and Addendum/Brief (Docs. 1, 3) (together, the "Petition to Appeal"). Maestas is a state prisoner and is proceeding *pro se*. He purports to appeal a state order denying mandamus relief entered in New Mexico's Ninth Judicial District Court, No. D-905-CR-2007-417, and the corresponding denial of certiorari relief in the New Mexico Supreme Court, No. S-1-SC-40486. *See* Doc. 1 (noting that "Petitioner is appealing his writ of mandamus to the Federal Court's jurisdiction").

    The state mandamus petition involved the alleged failure to discharge Maestas from parole and custody. Specifically, Maestas alleges the New Mexico Parole Board failed to hold a mandatory review hearing within five years after he was initially placed on parole. *See* Doc. 1 at 1, 20. It appears Maestas is currently incarcerated based on a parole violation from 2011. *See* Docket Sheet in D-905-CR-2007-417. In the instant Petition to Appeal, Maestas states he "is appealing his writ of mandamus" and asks this Court to grant the relief that "his writ of mandamus

… set out for in the first place (to be immediately discharged and be released from any further confinement of prison)." Doc. 1 at 2.

To the extent Maestas seeks to appeal the state mandamus rulings, relief is not available. "[O]nly the [United States] Supreme Court has jurisdiction to hear appeals from final state court judgments." *Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169, 1173 (10th Cir. 2018) (quoting *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006)). The United States Supreme Court adopted the *Rooker-Feldman* doctrine to prevent improper appeals from state court. *Rooker-Feldman* precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine applies to both civil and criminal state court rulings. *See Market v. City of Garden City*, 723 Fed. App'x 571, 574–75 (10th Cir. 2017) (applying the doctrine to a state criminal ruling). This Court therefore lacks jurisdiction to consider an appeal of any state mandamus ruling.

To the extent the Petition to Appeal can be construed to seek mandamus relief in the first instance, such claim also fails. Mandamus relief is governed by 28 U.S.C. § 1361. That statute provides: "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. By its terms, § 1361 only permits the Federal Court to compel action by a federal official. "The statute does not allow relief against state officials or state agencies." *Mathieu v. Brown*, 780 Fed. App'x 665, 666 (10th Cir. 2019). *See also Amisub (PSL), Inc. v. Colo. Dep't of Soc. Servs.*, 879 F.2d 789, 790 n. 2 (10th Cir. 1989) (Section 1361's

"jurisdictional grant … does not apply to the state defendants"). Accordingly, this Court cannot compel the New Mexico Parole Board to grant parole or hold a five-year review hearing, nor can it compel the New Mexico Corrections Department to release Maestas through a mandamus proceeding.

Because Maestas cannot obtain appellate review of the state rulings or a writ of mandamus from this Court, the Petition to Appeal will be denied without prejudice. The Court will also deny his pending Motion to Proceed *In Forma Pauperis* (Doc. 2), which is now moot. Maestas must file a 28 U.S.C. § 2241 habeas petition if he seeks to challenge the state's failure to discharge him from parole and/or any misapplication of the parole statute. *See Dimmick v. Bourdon,* 769 Fed. App'x 616, 618 (10th Cir. 2019) (to the extent a petitioner "seek[s] nullification of the parole board's … decision in order to obtain his [release] … , we agree with the district court that his proper remedy is a habeas action under § 2241"); *Sutton v. Mikesell*, 810 Fed. App'x 604, 609 (10th Cir. 2020) (considering § 2241 habeas petition that challenged the state's alleged misapplication of the Colorado parole statute); *Pierce v. Cline,* 2019 WL 2268958, at *1 (D. Kan. May 28, 2019) ("A petition filed under § 2241 is the proper means for a prisoner to seek release on parole") (citing *Palma-Salazar v. Davis,* 677 F.3d 1031, 1037 n. 2 (10th Cir. 2012)). The Clerk's Office will mail Maestas a blank § 2241 petition, which he may return at any time. *See Craig v. United States*, 844 Fed. App'x 96 (10th Cir. 2021) ("there is no statute of limitations for petitions invoking § 2241").

The Court also notes that, while the Petition to Appeal primarily challenges the state's parole decision, Maestas' filings also briefly reference cruel and unusual punishment and a 2013 state judgment that amended his parole term. *See* Doc. 1 at 8, 16, 19; Doc. 3 at 1-3. If Maestas seeks money damages based on cruel and unusual punishment in prison, he may file a separate civil

3

rights action under 42 U.S.C. § 1983. Maestas may also file a 28 U.S.C. § 2254 habeas petition, if he seeks to challenge the validity of a state judgment and/or his underlying plea agreement. For clarity, this dismissal only relates to the instant pleadings seeking appellate review/mandamus relief and has no impact on Maestas' ability to file separate proceedings seeking habeas or § 1983 relief. *See Smith v. Franklin*, 465 Fed. App'x 788, 789 (10th Cir. 2012) (affirming district court's decision to take *pro se* litigant's "submission at its word" where dismissal was without prejudice to refiling); *Crosby v. True*, 826 Fed. App'x 699, 701 (10th Cir. 2020) (same).

**IT IS ORDERED** that Richard Maestas' Petition Appealing Peremptory Writ of Mandamus and Addendum/Brief (**Docs. 1, 3**) are **DISMISSED without prejudice**; his Motion to Proceed *In Forma Pauperis* (**Doc. 2**) is **DENIED as moot**; and the Court will enter a separate judgment closing this civil mandamus case.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Maestas a blank 28 U.S.C. § 2241 habeas petition and a blank *in forma pauperis* motion. Maestas should return those completed forms if he seeks to challenge his parole in Federal Court.

**SO ORDERED**.

                                                  /S/
                                           HON. KEA RIGGS
                                           UNITED STATES DISTRICT JUDGE